In The United States District Court for The Southern District of Illinois

C. Green

V.

Block Inc; et al.

3:22-cv-00364

Honorable McGlynn

Notice of Prayer for Reconsideration
( Subject-Matter Jurisdiction )

Now Comes, petitioner Cassidy Green, and hereby sets forth the following, which may include, but not be limited to, the grounds contained herein;

I. Factual Background.

On or about March 2nd, 2022, The Honorable Court issued an " Order" , thereby stating; the following:

" This matter is before the Court sua sponte on the issue of subject matter jurisdiction, It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case. *Smith v. Am. Gen. Life & Accident Ins. Co., 337 F.3d 888, 892 (7th Cir. 2003)*.

II. Prayer for Consideration.

Petitioner prays, The Court, liberally construe said pleadings, (as) Green was without counsel in the district court, his habeas petition is entitled to a liberal construction, *e.g., Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir.1997)* (citing *Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)*), and given such a construction, his petition contains enough detail to describe a claim that is within the power of a federal court to address.

Petitioner prays, The Court, consider the authority, invested thereto, by and through, Article III; Section II of The United States of America's Constitution.

The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party;--to controversies between two or more states;--between a state and citizens of another state;--between citizens of different states;--between citizens of the same state claiming lands under grants of different states, and between a state, or the citizens thereof, and foreign states, citizens or subjects.

Moreover, petitioner states, A federal district court, in which a suit is filed with proper venue, may "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A plaintiff, as well as a defendant, may move for transfer of venue under § 1404(a). *Pruess v. Udall*, 359 F.2d 615 (D.C.Cir.1965); *United States v. Berkowitz*, 328 F.2d 358 (3d Cir.1964); *Philip Carey Manufacturing Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir.), *cert. denied*, 366 U.S. 948, 81 S.Ct.

1903, 6 L.Ed.2d 1242 (1961); Riley v. Union Pacific Railroad Co., 177 F.2d 673 (7th Cir.1949), cert. denied, 338 U.S. 911, 70 S.Ct. 350, 94 L.Ed. 561 (1950); 1 J. Moore, *Moore's Federal Practice* ¶ 0.145[4.-3] (2d ed. 1985); 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3844 (1986).

In passing on a motion for transfer, the district judge must consider the statutory factors in light of all the circumstances of the case.[3] Christopher v. American News Co., 176 F.2d 11 (7th Cir.1949); *see also* Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 812, 11 L.Ed.2d 945 (1964) (§ 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge. *See, e.g.,* Brown v. Grimm, 624 F.2d 58, 59 (7th Cir.1980); Federal Deposit Insurance Corp. v. Citizen Bank & Trust Co., 592 F.2d 364, 368 (7th Cir.), cert. denied, 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979); General Foods Corp. v. Carnation Co., 411 F.2d 528, 532-33 (7th Cir.), cert. denied, 396 U.S. 940, 90 S.Ct. 375, 24 L.Ed.2d 242 (1969) (abuse-of-discretion standard); 15 C. Wright & A. Miller, *Federal Practice and Procedure* § 3847 (1986); 1 *Moore's Federal Practice* ¶ 0.145[5]. The movant (here, the plaintiff) has the burden of establishing,

220

*220 by reference to particular circumstances, that the transferee forum is clearly more convenient. *See, e.g.,* Commodity Futures Trading Commission v. Savage, 611 F.2d 270, 279 (9th Cir.1979); Federal Deposit Insurance Corp., 592 F.2d at 368; Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc., 436 F.2d 1180, 1187-88 (7th Cir.1971). Less of a showing of inconvenience is needed for a § 1404(a) transfer than that for a *forum non conveniens* dismissal. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S.Ct. 252, 264-65, 70 L.Ed.2d 419 (1981); Norwood v. Kirkpatrick, 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955).

Petitioner states, the relative ease of determining venue before subject-matter jurisdiction is an issue of judicial economy; the site of the majority of the conduct in question concerns the convenience and fairness of transferring the case.

The line that the Supreme Court has drawn, consistent with its holding in *Steel Co.*, is that jurisdiction "'is vital only if the court proposes to issue a judgment on the merits.'" Sinochem, 127 S.Ct. at 1191-92 (quoting Intec USA, LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir.2006)).

## III. Transfer Venue.

Petitioner prays, This court transfer venue to another district for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. Bryant v. ITT Corp., 48 F.Supp.2d 829, 832 (N.D.Ill.1999). In ruling on a motion to transfer, I must consider these statutory factors "in light of all the circumstances of the case." See Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir.1986) (citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. See id. at 219, n. 3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." Id. at 219; see also N. Shore Gas Co. v. Salomon Inc., 152 F.3d 642, 648, n. 3 (7th Cir.1998) (citation omitted); Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The movant bears the burden of establishing that the transferee forum is more convenient. Coffey, 796 F.2d at 219.

Petitioner states, {he} has encountered, significant hurdles, in {his} attempt, to identify, defendants named therein Block Inc; et al. {c}omplaint.

However, to the best of {Plaintiff's} belief and knowledge, the defendant(s) are engaged, in international trade or commerce;

Said defendants, engage consumers nationally, as well as, internationally through " On-line Banking Service(s);

In addition, {petitioner} purports, Block Inc; " Corporate Headquarters" may be, in The Saint Louis Metro Area.

Although, ignorance of the law, does not foreclose, dismissal of a complaint.

Petitioner's good faith attempt, to identify, " Corporate" tortfeasors, shall be taken into consideration.

To the best of {petitioner's} knowledge The Saint Louis Metro Area, {may} {be} proper venue, for filing suit;

But See:

**St. Louis** is the second-largest city in Missouri, United States. It sits near the confluence of the Mississippi and the Missouri Rivers. As of 2020, the city proper had a population of 301,578, while the bi-state metropolitan area, which extends into Illinois, had an estimated population of over 2.8 million, making it the largest metropolitan area in Missouri, the second-largest in Illinois, and the 20th-largest in the United States.

- "2020 Census Demographic Data Map Viewer". Retrieved August 13, 2021.

Therefore, {it} {was} reasonable to conclude, that The United States District Court for The Southern District of Illinois, may retain jurisdiction,

And, or the authority, to screen, said complaint, in accordance to the Twombly standard,
Thereby transferring, said matter accordingly , shall claims appear plausible on their face, or potentially meritorious.

This case presents the antecedent question of what a plaintiff must plead in order to state a cognizable claim. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80*.

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.*; *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (C.A.7 1994),* a plaintiffs obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)* (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if

doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

IV. Prayer for Relief.

Wherefore, petitioner prays, The Court, allow {petitioner's} complaint to proceed after screening thereof, transfer said matter, to a jurisdiction, in which The Court deems proper, appoint Counsel to assist in the identification of Block Inc; et al. (defendants); allow amendment of the complaint, or other forms of relief as the Courts deems just and necessary.

Respectfully Submitted,
Cassidy Green
3/18/2022

V. Verification.

Pursuant 28 U.S.C. Section 1746, I declare and verify, under the laws of The United States, that the foregoing is true and correct. Executed on this 18th day of March 2022.

> Respectfully Submitted,
> Cassidy Green
> 3/18/2022

VI. Certificate of Service.

I, Cassidy Green, certify that I have deposited the foregoing, within the USPS, mail system, On or about this 18th day of March 2021.

> Respectfully Submitted,
> Cassidy Green
> 3/18/2022

Contact Information:
Cassidy Green
42 Woodland Dr.
Plano, IL 60545



